## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TENNESSEE

---

JUSTIN JINKS,

        Plaintiff,

    v.                                  Civil Action No.

CRITICAL RESOLUTION MEDIATION, LLC
and BRIAN MCKENZIE,

        Defendants.

---

### NATURE OF ACTION

1.    This is an action brought pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*.

### JURISDICTION AND VENUE

2.    This Court has jurisdiction pursuant to 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

3.    Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b), as the acts and transactions giving rise to Plaintiff's action occurred in this district, Plaintiff resides in this district, and Defendant transacts business in this district.

### PARTIES

4.    Plaintiff Justin Jinks ("Plaintiff") is a natural person who at all relevant times resided in the State of Tennessee, County of Madison, and City of Jackson.

5.    Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

6. Defendant Critical Resolution Mediation, LLC ("CRM") is an entity who at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. § 1692a(5).

7. CRM is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

8. CRM is a Georgia limited liability company.

9. Defendant Brian McKenzie ("Mr. McKenzie") is an individual who is a member of CRM, and at all relevant times, was engaged by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. § 1692a(5).

10. Upon information and good-faith belief, as a member of CRM, Mr. McKenzie was regularly engaged, directly and indirectly in the collection of Plaintiff's debt.

11. Upon information and good-faith belief, as a member of CRM, Mr. McKenzie was personally involved in the collection of Plaintiff's debt.

12. Upon information and good-faith belief, as a member of CRM, Mr. McKenzie was materially involved in the collection of Plaintiff's debt.

13. Upon information and good-faith belief, as a member of CRM, Mr. McKenzie materially participated in CRM's debt collection activities.

14. Upon information and good-faith belief, as a member of CRM, Mr. McKenzie was involved in the day-to-day operations of CRM's debt collection business.

15. Upon information and good-faith belief, as a member of CRM, Mr. McKenzie exercised control over the affairs of CRM's debt collection business.

16. Mr. McKenzie is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

17. Plaintiff is a natural person obligated, or allegedly obligated, to pay a debt owed or due, or asserted to be owed or due, a creditor other than CRM.

18. Plaintiff's obligation, or alleged obligation, owed or due, or asserted to be owed or due, a creditor other than CRM, arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes.

19. CRM uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, and/or regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due, another.

20. In connection with the collection of an alleged debt in default (the "Debt"), CRM, by and through its agent and/or employee "Ms. Thomas-Collins" placed a call to Plaintiff's residence on October 18, 2012 at 10:38 A.M., and at such time, left the following voicemail message:

> Hello, good morning, this message is solely intended for Justin Jinks. This is Ms. Thomas-Collins from Critical Resolution Mediation. It is imperative that I speak with you today by 5 P.M. My phone number here is 404-994-2810. 404-994-2810 my extension is

> 136. This is a time sensitive matter and it is regarding a claim that has been filed against you, um, social security number ending in 8488. Again, please return the call today.

21. Thereafter, and in connection with the collection of the Debt, CRM, by and through its agent and/or employee "Kimberly Marshall," placed a call to Plaintiff's residence on October 25, 2012 at 6:20 P.M., and at such time, left the following pre-recorded voicemail message:

> This is Kimberly Marshall. We have made several attempts to reach you in regards to a complaint filed in our office against you both verbal and written with no response. Please be advised you are at risk for further action. We need you to contact our office immediately. If we do not hear from you by the end of the day's business, our client will have no other choice but to seek other remedies to protect their best interest. Contact us at 404-994-2810 extension 130 or press one to be connected.

22. Thereafter, and in connection with the collection of the Debt, CRM, by and through its agent and/or employee "Jeff Fisher," placed a call to Plaintiff's residence on October 29, 2012 at 3:53 P.M., and at such time, left the following pre-recorded voicemail message:

> Several attempts have been made to contact you and you have not responded to any of our calls in a timely manner. It's imperative this call be returned within the next 24 hours. If we do not hear from you by then, we have no choice but to believe that you do not want to handle this matter and we must move forward expeditiously with further action. Contact this office immediately to rectify this matter before it escalates. Return the call to Jeff Fisher at 678-871-2759 my direct extension here is 149.

23. Thereafter, and in connection with the collection of the Debt, CRM, by and through its agent and/or employee "Jeff Fisher," placed a call to Plaintiff's residence on October 30, 2012 at 7:24 P.M., and at such time, left the following pre-recorded voicemail message:

> Several attempts have been made to contact you and you have not responded to any of our calls in a timely manner. It's imperative this call be returned within the next 24 hours. If we do not hear from you by then, we have no choice but to believe that you do not want to handle this matter and we must move forward expeditiously with further action. Contact this office immediately to rectify this matter before it escalates. Return the call to Jeff Fisher at 678-871-2759 my direct extension here is 149.

24. Thereafter, and in connection with the collection of the Debt, CRM, by and through its agent and/or employee "Ms. Collins," placed a call to Plaintiff's residence on October 31, 2012 at 2:22 P.M., and at such time, left the following pre-recorded voicemail message:

> This message is solely intended for Justin Jinks. This is Ms. Collins with Critical Resolution Mediation. It is imperative that I speak with you. Please return my call to 404-994-2810. 404-994-2810. Thank you.

25. Thereafter, and in connection with the collection of the Debt, CRM, by and through its agent and/or employee "Kimberly Marshall," placed a call to Plaintiff's residence on November 1, 2012 at 4:21 P.M., and at such time, left the following pre-recorded voicemail message:

> This is Kimberly Marshall. We have made several attempts to reach you in regards to a complaint filed in our office against you both verbal and written with no

> response. Please be advised you are at risk for further action. We need you to contact our office immediately. If we do not hear from you by the end of the day's business, our client will have no other choice but to seek other remedies to protect their best interest. Contact us at 404-994-2810 extension 130 or press one to be connected.

26. Thereafter, and in connection with the collection of the Debt, CRM, by and through its agent and/or employee "Jeff Fisher," placed a call to Plaintiff's residence on November 5, 2012 at 2:51 P.M., and at such time, left the following pre-recorded voicemail message:

> Several attempts have been made to contact you and you have not responded to any of our calls in a timely manner. It's imperative this call be returned within the next 24 hours. If we do not hear from you by then, we have no choice but to believe that you do not want to handle this matter and we must move forward expeditiously with further action. Contact this office immediately to rectify this matter before it escalates. Return the call to Jeff Fisher at 678-871-2759 my direct extension here is 149.

27. Thereafter, and in connection with the collection of the Debt, CRM, by and through its agent and/or employee "Kimberly Marshall," placed a call to Plaintiff's residence on November 8, 2012 at 3:27 P.M., and at such time, left the following pre-recorded voicemail message:

> This is Kimberly Marshall. We have made several attempts to reach you in regards to a complaint filed in our office against you both verbal and written with no response. Please be advised you are at risk for further action. We need you to contact our office immediately. If we do not hear from you by the end of the day's business, our client will have no other choice but to seek other remedies to protect their best interest.

> Contact us at 404-994-2810 extension 130 or press one to be connected.

28. Thereafter, and in connection with the collection of the Debt, CRM, by and through its agent and/or employee "Kimberly Marshall," placed a call to Plaintiff's residence on November 12, 2012 at 3:55 P.M., and at such time, left the following pre-recorded voicemail message:

> This is Kimberly Marshall.  We have made several attempts to reach you in regards to a complaint filed in our office against you both verbal and written with no response.  Please be advised you are at risk for further action.  We need you to contact our office immediately.  If we do not hear from you by the end of the day's business, our client will have no other choice but to seek other remedies to protect their best interest.  Contact us at 404-994-2810 extension 130 or press one to be connected.

29. Thereafter, and in connection with the collection of the Debt, CRM, by and through its agent and/or employee "Jeff Fisher," placed a call to Plaintiff's residence on November 16, 2012 at 8:21 A.M., and at such time, left the following pre-recorded voicemail message:

> Several attempts have been made to contact you and you have not responded to any of our calls in a timely manner.  It's imperative this call be returned within the next 24 hours.  If we do not hear from you by then, we have no choice but to believe that you do not want to handle this matter and we must move forward expeditiously with further action.  Contact this office immediately to rectify this matter before it escalates.  Return the call to Jeff Fisher at 678-871-2759 my direct extension here is 149.

30. CRM's October 18, 2012, October 25, 2012, October 29, 2012,

-7-

October 30, 2012, October 31, 2012, November 1, 2012, November 5, 2012, November 8, 2012, November 12, 2012, and November 16, 2012 voicemail messages each failed to state that the communication was from a debt collector.

31. Further, in its October 25, 2012, October 29, 2012, October 30, 2012, November 1, 2012, November 5, 2012, November 8, 2012, November 12, 2012, and November 16, 2012 voicemail messages, CRM failed to disclose its true corporate and/or business name to Plaintiff.

32. By failing to disclose its true corporate and/or business name in its October 25, 2012, October 29, 2012, October 30, 2012, November 1, 2012, November 5, 2012, November 8, 2012, November 12, 2012, and November 16, 2012 voicemail messages, and further, by failing to disclose that the communication was from a debt collector in its October 18, 2012, October 25, 2012, October 29, 2012, October 30, 2012, October 31, 2012, November 1, 2012, November 5, 2012, November 8, 2012, November 12, 2012, and November 16, 2012 voicemail messages, CRM failed to meaningfully disclose its identity to Plaintiff.

33. CRM's October 18, 2012, October 25, 2012, November 1, 2012, November 8, 2012, and November 12, 2012 voicemail messages falsely represented the legal status of Plaintiff's Debt, by stating that there was a "claim" and a "complaint" filed against Plaintiff, when upon information and good-faith belief, there is no lawsuit filed against Plaintiff at the time of this complaint.

34. CRM's October 25, 2012, October 29, 2012, October 30, 2012,

November 1, 2012, November 5, 2012, November 8, 2012, November 12, 2012, and November 16, 2012 voicemail messages threatened that if CRM does not hear from Plaintiff, then it "must move forward expeditiously with further action," and that its "client will have no other choice but to seek other remedies to protect their best interest," when upon information and good-faith belief, CRM did not intend to takes such actions.

35. CRM's October 18, 2012, October 25, 2012, October 29, 2012, October 30, 2012, October 31, 2012, November 1, 2012, November 5, 2012, November 8, 2012, November 12, 2012, and November 16, 2012 voicemail messages conveyed a false sense of urgency to Plaintiff, including, but not limited to: falsely representing the existence of a "time-sensitive matter;" that it was "imperative" that Plaintiff return the call within "24 hours;" that Plaintiff needed to contact CRM "immediately;" and that Plaintiff needed to contact CRM before the matter "escalates."

## COUNT I
## VIOLATION OF 15 U.S.C. § 1692d(6)
## CRM

36. Plaintiff repeats and re-alleges each and every factual allegation contained above.

37. CRM violated 15 U.S.C. § 1692d(6) by placing telephone calls without meaningfully disclosing the caller's identity.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

    a) Adjudging that CRM violated 15 U.S.C. § 1692d(6);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

e) Awarding Plaintiff pre-judgment and post-judgment interest as permissible by law; and

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT II
## VIOLATION OF 15 U.S.C. § 1692d(6)
## MR. MCKENZIE

38. Plaintiff repeats and re-alleges each and every factual allegation contained above.

39. CRM violated 15 U.S.C. § 1692d(6) by placing telephone calls without meaningfully disclosing the caller's identity.

40. Mr. McKenzie is personally liable for CRM's conduct, absent the need to pierce the corporate veil, as a result of his involvement in the day-to-day management of CRM's debt collection business, his responsibility for day-to-day supervision of CRM's debt collector employees, his personal involvement in the collection of Plaintiff's Debt, his material involvement in the collection of Plaintiff's Debt, and his exercise of control over the affairs of CRM's debt

collection business.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Mr. McKenzie violated 15 U.S.C. § 1692d(6);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

e) Awarding Plaintiff pre-judgment and post-judgment interest as permissible by law; and

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT III
### VIOLATION OF 15 U.S.C. § 1692e(2)(A)
### CRM

41. Plaintiff repeats and re-alleges each and every factual allegation contained above.

42. CRM violated 15 U.S.C. § 1692e(2)(A) by falsely representing the character, amount, or legal status of Plaintiff's Debt.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that CRM violated 15 U.S.C. § 1692e(2)(A);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

e) Awarding Plaintiff pre-judgment and post-judgment interest as permissible by law; and

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT IV
## VIOLATION OF 15 U.S.C. § 1692e(2)(A)
## MR. MCKENZIE

43.     Plaintiff repeats and re-alleges each and every factual allegation contained above.

44.     CRM violated 15 U.S.C. § 1692e(2)(A) by falsely representing the character, amount, or legal status of Plaintiff's Debt.

45.     Mr. McKenzie is personally liable for CRM's conduct, absent the need to pierce the corporate veil, as a result of his involvement in the day-to-day management of CRM's debt collection business, his responsibility for day-to-day supervision of CRM's debt collector employees, his personal involvement in the collection of Plaintiff's Debt, his material involvement in the collection of Plaintiff's Debt, and his exercise of control over the affairs of CRM's debt

collection business.

>WHEREFORE, Plaintiff prays for relief and judgment, as follows:
>
>   a) Adjudging that Mr. McKenzie violated 15 U.S.C. § 1692e(2)(A);
>
>   b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;
>
>   c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);
>
>   d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);
>
>   e) Awarding Plaintiff pre-judgment and post-judgment interest as permissible by law; and
>
>   f) Awarding such other and further relief as the Court may deem just and proper.

### COUNT V
### VIOLATION OF 15 U.S.C. § 1692e(5)
### CRM

46.     Plaintiff repeats and re-alleges each and every factual allegation contained above.

47.     CRM violated 15 U.S.C. § 1692e(5) by threatening to take an action against Plaintiff that cannot be legally taken or that was not actually intended to be taken.

>WHEREFORE, Plaintiff prays for relief and judgment, as follows:
>
>   a) Adjudging that CRM violated 15 U.S.C. § 1692e(5);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

e) Awarding Plaintiff pre-judgment and post-judgment interest as permissible by law; and

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT VI
## VIOLATION OF 15 U.S.C. § 1692e(5)
## MR. MCKENZIE

48. Plaintiff repeats and re-alleges each and every factual allegation contained above.

49. CRM violated 15 U.S.C. § 1692e(5) by threatening to take an action against Plaintiff that cannot be legally taken or that was not actually intended to be taken.

50. Mr. McKenzie is personally liable for CRM's conduct, absent the need to pierce the corporate veil, as a result of his involvement in the day-to-day management of CRM's debt collection business, his responsibility for day-to-day supervision of CRM's debt collector employees, his personal involvement in the collection of Plaintiff's Debt, his material involvement in the collection of

Plaintiff's Debt, and his exercise of control over the affairs of CRM's debt collection business.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Mr. McKenzie violated 15 U.S.C. § 1692e(5);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

e) Awarding Plaintiff pre-judgment and post-judgment interest as permissible by law; and

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT VII
## VIOLATION OF 15 U.S.C. § 1692e(10)
## CRM

51. Plaintiff repeats and re-alleges each and every factual allegation contained above.

52. CRM violated 15 U.S.C. § 1692e(10) by using false representations or deceptive practices in connection with the collection of the Debt, including but not limited to: misrepresenting the legal status of the Debt; threatening to take an action it did not intend to take; and conveying a false sense of urgency.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that CRM violated 15 U.S.C. § 1692e(10);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

e) Awarding Plaintiff pre-judgment and post-judgment interest as permissible by law; and

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT VIII
### VIOLATION OF 15 U.S.C. § 1692e(10)
### MR. MCKENZIE

53. Plaintiff repeats and re-alleges each and every factual allegation contained above.

54. CRM violated 15 U.S.C. § 1692e(10) by using false representations or deceptive practices in connection with the collection of the Debt from Plaintiff.

55. Mr. McKenzie is personally liable for CRM's conduct, absent the need to pierce the corporate veil, as a result of his involvement in the day-to-day management of CRM's debt collection business, his responsibility for day-to-day supervision of CRM's debt collector employees, his personal involvement in the

collection of Plaintiff's Debt, his material involvement in the collection of Plaintiff's Debt, and his exercise of control over the affairs of CRM's debt collection business.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Mr. McKenzie violated 15 U.S.C. § 1692e(10);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

e) Awarding Plaintiff pre-judgment and post-judgment interest as permissible by law; and

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT IX
## VIOLATION OF 15 U.S.C. § 1692e(11)
## CRM

56. Plaintiff repeats and re-alleges each and every factual allegation contained above.

57. CRM violated 15 U.S.C. § 1692e(11) by failing to notify Plaintiff during each collection contact that the communication was from a debt collector.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

    a) Adjudging that CRM violated 15 U.S.C. § 1692e(11);

    b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

    c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

    d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

    e) Awarding Plaintiff pre-judgment and post-judgment interest as permissible by law; and

    f) Awarding such other and further relief as the Court may deem just and proper.

### COUNT X
### VIOLATION OF 15 U.S.C. § 1692e(11)
### MR. MCKENZIE

58. Plaintiff repeats and re-alleges each and every factual allegation contained above.

59. CRM violated 15 U.S.C. § 1692e(11) by failing to notify Plaintiff during each collection contact that the communication was from a debt collector.

60. Mr. McKenzie is personally liable for CRM's conduct, absent the need to pierce the corporate veil, as a result of his involvement in the day-to-day management of CRM's debt collection business, his responsibility for day-to-day supervision of CRM's debt collector employees, his personal involvement in the collection of Plaintiff's Debt, his material involvement in the collection of

Plaintiff's Debt, and his exercise of control over the affairs of CRM's debt collection business.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Mr. McKenzie violated 15 U.S.C. § 1692e(11);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

e) Awarding Plaintiff pre-judgment and post-judgment interest as permissible by law; and

f) Awarding such other and further relief as the Court may deem just and proper.

### TRIAL BY JURY

61. Plaintiff is entitled to and hereby demands a trial by jury.

Dated: March 29, 2013

        Respectfully submitted,

        Justin Jinks

        By: /s/Craig Ehrlich
        Craig Ehrlich
        Attorney for Plaintiff
        Weisberg & Meyers, LLC
        1448 Madison Avenue

    Memphis, TN 38104
    Telephone: (602) 445 9819
    Facsimile: (866) 565 1327
    Email: CEhrlich@AttorneysForConsumers.com

*Please send correspondence to the address below*

    Craig Ehrlich
    Weisberg & Meyers, LLC
    Attorneys for Plaintiff
    5025 N. Central Ave. #602
    Phoenix, AZ 85012